UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.C.,

        Plaintiff,

-against-

COUNTY OF WESTCHESTER, NEW YORK;
WESTCHESTER MEDICAL CENTER; CHERYL
ARCHBALD; IRMA W. COSGRIFF; ADA HAUNG;
LAURAL SKELSON; GERMAINE JACQUETTE;
MIRAL A. SUBHANI; SHERLITA AMLER; JOHN
DOES #1-#3; and JANE DOES #1-#3,

        Defendants.

No. 16-CV-3013 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff M.C. bring this action against Defendants County of Westchester, New York; Westchester Medical Center; Cheryl Archbald; Irma W. Cosgriff; Ada Huang; Laural Skelson; Germaine Jacquette; Miral A. Subhani; and Sherlita Amler pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights.

Presently before the Court is Plaintiff's motion for an extension of time to serve Defendants Cherly Archbald, Ada Huang, Laural Skelson, Germaine Jacquette, and Sherlita Amler (collectively, the "DOH Defendants"), as well as the DOH Defendants' cross-motion to dismiss the Complaint for insufficient service. (ECF Nos. 44 & 49.) For the following reasons, Plaintiff's motion is GRANTED and the DOH Defendants' cross-motion is DENIED.

## BACKGROUND

Plaintiff commenced the instant action by filing a Complaint on April 22, 2016. (ECF No. 1.) On July 18, 2016, Notices of Appearance for Plaintiff were filed by attorneys David Leibowitz and Elizabeth Saylor. (ECF Nos. 4 & 5.) Plaintiff's counsel subsequently retained

AAA Attorney Service Co. of N.Y., Inc. ("AAA") to effect service of the Summons and Complaint in this action. (Decl. of Joseph Barnum in Supp. of Pl.'s Mot. for Ext. of Time to Serve Compl. ("Barnum Decl.") ¶ 2, ECF No. 46.) Counsel directed AAA to serve the DOH Defendants at the Westchester County Department of Health, 145 Huguenot Street, New Rochelle, NY 10801. (*Id.*) However, the process server assigned to the task, Joseph Barnum, informed Plaintiff's counsel that to his knowledge, service is not accepted directly at the individual Westchester County department offices. (*Id.* ¶ 3–5.) Instead, Mr. Barnum—who has been a process server in Westchester County since 1985—advised counsel that the Summons and Complaint in this case should be served at the Westchester Law Department, which accepts service for the majority of Westchester County's departments. (*Id.* ¶ 5.)

On July 19, 2016, Mr. Barnum served each of the DOH Defendants, along with Irma Cosgriff and the County of Westchester, at the County Attorney's office at 148 Martine Avenue in White Plains. (*Id.* ¶ 6.) Mr. Barnum advised an employee of the County Attorney's office, Donna Dixon, about the general nature of the papers being served and provided her the names of the DOH Defendants. (*Id.* ¶ 7–8.) Ms. Dixon noted the names of each Defendant, accepted the papers, and stamped Mr. Barnum's "job tickets." (*Id.*) Although she was told that several of the individuals being served were employees of the Department of Health, Ms. Dixon did not inform Mr. Barnum that she could not accept service on their behalf, nor did she object to the service in any way. (*Id.*) After serving the Summons and Complaint at the County Attorney's office, Mr. Barnum returned to AAA's office, made the required mailing of the papers he had just served by hand, and signed affidavits of service before a notary. (*Id.* at 9.)

The affidavits of service signed by Mr. Barnum were electronically filed in this action on July 21, 2016. (ECF Nos. 7–12.) The affidavits indicate that service was made at the County of

Westchester legal offices at 148 Martine Avenue in the City of White Plains.

On August 8, 2016, Plaintiff's counsel learned that the DOH Defendants were contesting the propriety of service on the ground that the County Attorney's office is not their actual place of business, nor is the County Attorney authorized to accept service on their behalf. (Decl. of Elizabeth Saylor in Supp. of Pl.'s Mot. for Ext. of Time to Serve Compl. ("Saylor Decl.") ¶ 2 ECF No. 47.)

Plaintiff's counsel reached out to opposing counsel later that day and inquired whether the DOH Defendants would consent to an extension of time to serve the Summons and Complaint. (*Id.* ¶ 3.) Over the following days, Plaintiff's counsel continued to follow-up with opposing counsel regarding the issue of service. (*Id.* ¶ 3–7.) After continued failed efforts to reach an agreement with opposing counsel, Plaintiff filed a letter-motion for an extension of time to serve the DOH Defendants on September 12, 2016. (ECF No. 30.)

On September 15, 2016, this Court granted Plaintiff leave to file a motion seeking an extension of time to serve the DOH Defendants and set a briefing schedule. Plaintiff again tried to negotiate an agreement with opposing counsel regarding service, going as far as offering to dismiss any state law punitive damages claims if the DOH Defendants agreed to not contest service of process. (Saylor Decl. ¶ 11.) However, the negotiations were unavailing, and Plaintiff filed the instant motion for an extension of time to serve the Summons and Complaint on November 11, 2016. (ECF No. 44.) Defendants opposed Plaintiff's motion for an extension of time and cross-moved to dismiss the complaint for insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 49.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P 4(m). If, however, "the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Moreover, even absent a showing of good cause, "a court has the discretion to grant an extension of time to serve the defendant." *Hahn v. Office & Prof'l Employees Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. The City of New York*, 502 F.3d 192, 196–197 (2d Cir. 2007)).

Similarly, Rule 12(b)(5) provides for dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Proper service of process in a federal action is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Under Rule 4(e), service upon an individual within a judicial district of the United States may be completed by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Further, the applicable state law permits service as follows:

> [B]y delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be

4

served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . , such delivery and mailing to be effected within twenty days of each other . . . .

N.Y. C.P.L.R. § 308(2).

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016) (citing *Darden v. DaimlerChrysler North America Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

## DISCUSSION

The DOH Defendants contend that this action should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. Specifically, Defendants maintain that by serving the Summons and Complaint at the County Attorney's office, Plaintiff failed to effectuate service either at their actual place of business or through an authorized agent. Plaintiff, on the other hand, maintains that even if his service was deficient, he entitled to an extension of his time to serve the DOH Defendants under the "good cause" exception of Rule 4(m). Further, even if he is not entitled to an extension for "good cause," Plaintiff urges the Court to exercise its discretionary authority under Rule 4(m) to nevertheless grant him an extension to effect proper service on the DOH Defendants.

### I. Plaintiff's Motion for an Extension of Time

This Court finds that an extension of time to serve the DOH Defendants is warranted.

5

Pursuant to Federal Rule of Civil Procedure 4(m), a court must grant a reasonable extension of time to serve if Plaintiff shows "good cause" for the failure to effect timely service. Fed. R. Civ. P. 4(m). "The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Green v. Jacob & Co. Watches, Inc.*, 248 F. Supp. 3d 458, 465 (S.D.N.Y. 2017) (internal quotation marks omitted) (quoting *Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt. Indus. Co.*, 13-CV-7639 (LTS) (FM), 2016 WL 3926449 (S.D.N.Y. July 15, 2016)). Some Courts have upheld a fairly stringent "good cause" standard, requiring that a plaintiff "demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03-CV-1704 (KMW)(JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd sub nom. Spinale v. Ball*, 352 F. App'x 599 (2d Cir. 2009). Other courts, however, have cautioned that plaintiffs should not be held to "too high a standard," particularly in light of the 2015 Amendment to Rule 4, which significantly shortened the presumptive time for service from 120 days to 90 days. *See Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049 (RJD) (CLP), 2017 WL 3610568, at *5 (E.D.N.Y. July 25, 2017), *report and recommendation adopted*, No. 15-CV-5049 (RJD) (CLP), 2017 WL 3610517 (E.D.N.Y. Aug. 21, 2017).

Nonetheless, this Court need not linger over whether Plaintiff has established "good cause. Rule 4(m) affords district courts broad discretion to grant extensions of time to serve even absent "good cause." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summ. order). In exercising such discretion, courts typically consider whether a plaintiff made diligent efforts to effect service as well as:

(1) whether the applicable statute of limitations would bar the refiled action; (2)

whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Castro v. City of New York*, No. 05-CV-593 (LAK) (MHD), 2007 WL 3071857, at *8–9 (S.D.N.Y. Oct. 10, 2007) (internal quotation marks omitted), *report and recommendation adopted*, No. 05-CV-0593 (LAK), 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007).

After careful consideration of all relevant factors,[1] as outlined below, the Court finds that an extension of time to effectuate service on the DOH Defendants is warranted.

### 1. Plaintiff's diligent efforts

Plaintiff has undoubtedly made diligent efforts to serve the DOH Defendants within the ninety day period provided under Rule 4(e). First, Plaintiff enlisted the services of an experienced process server and directed the server to effectuate service at the Department of Health—the DOH Defendant's actual place of business. (Barnum Decl. ¶ 2.) Such service, by Defendant's own admission, would have been sufficient under New York State law and, by extension, federal law. (Defs.' Mem. of Law in Supp. of Cross-Mot. to Dismiss Compl. for Insufficient Service ("Defs.'s Cross-Mot.") at 8.) While Plaintiff ultimately attempted service on the DOH Defendants at a different address, Plaintiff relied on the advice of a Westchester County-based process server with over thirty years of experience as well as the representations of an employee at the Westchester County Attorney's Office in deciding how to effect service.

---

[1] Plaintiff does not contend that Defendants actively concealed the alleged defects in service. (Pl.'s Mot. at 9.) Accordingly, that factor is not relevant to the Court's present inquiry as it neither supports nor undermines Plaintiff's request for an extension of time to serve the DOH Defendants.

7

(Barnum Decl. ¶¶ 3–8.) Such reliance, while perhaps mistaken, was not wholly unreasonable. Further, after Plaintiff learned of Defendants' concerns regarding the propriety of service, counsel made numerous attempts to cooperate, negotiate, and reach an agreement with Defendants regarding their concerns. (Saylor Decl. ¶ 3–12.) When those negotiations were unavailing, Plaintiff sought court intervention by submitting a letter motion for an extension of time to serve and eventually filing the instant motion.

### 2. Statute of limitations

Statute of limitations considerations similarly militate in favor of granting Plaintiff an extension of time. As a preliminary matter, all parties agree that the statute of limitations concerning Plaintiff's claims under 42 U.S.C. § 1983 are not at issue.[2] (Pl.'s Mot. at 8; Defs.'s Cross-Mot. at 14.) Defendants contend, however, that the statute of limitations on Plaintiff's state law claims for false imprisonment, malicious prosecution, and intentional infliction of emotional distress has run. (Defs.' Cross-Mot. at 14.) Plaintiff counters that any state law claims would still be timely pursuant to § 205(a) of the New York Civil Practice Law and Rules ("CPLR"), which permits a plaintiff to recommence a suit within six months of certain kinds of dismissals without regard to the statute of limitations. *See Ceasar v. Riverbay Corp.*, No 15-CV-8911 (NRB), 2017 WL 6887597, at *12 n.20 (S.D.N.Y. Dec. 27, 2017). Assuming Plaintiff is correct, he would simply be able to reassert his state law claims if this action were dismissed pursuant to Rule 4(m). Dismissal would, therefore, be an exercise in futility that needlessly consumes judicial resources. *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*,

---

[2] Even if this Court dismissed Plaintiff's § 1983 claims pursuant to Rule 4(m), such dismissal would be without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action *without* prejudice against that defendant . . . ." (emphasis added)). Because the statute of limitations on those claims has not run, Plaintiff would could simply re-file his claims after any Rule 4(m) dismissal.

197 F.R.D. 104, 109 (S.D.N.Y. 2000) (recognizing that where the statute of limitations has not run, "the only result of dismissal would be that [] [p]laintiffs would refile their complaint, resulting in a waste of judicial resources").

Assuming Defendants are correct, Plaintiff would be barred from re-asserting his state law claims in a subsequent action. Dismissal of the present action under Rule 4(m) would, in effect, become a dismissal *with* prejudice. For this reason, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Songhorian v. Lee*, No. 11-CV-36 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 109). Otherwise, "dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *Id.* (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 109–10). Thus, while this factor alone is not dispositive, it weighs heavily in favor of granting Plaintiff an extension of time to serve.

### 3. Actual notice

"[T]he core function of service is to supply notice in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections." *Garcia v. City of New York*, No. 15-CV-7470 (ER), 2017 WL 1169640, at *6 (S.D.N.Y. Mar. 28, 2017). Accordingly, the Second Circuit has counseled that "Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks omitted).

Where, as here, Defendants had sufficient notice to both file responsive pleadings and

9

engage in motion practice (*see* ECF Nos. 23, 27, 65), courts have therefore been reluctant to dismiss the entire action for insufficient service. *See Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2016) (collecting cases). The DOH Defendants clearly had sufficient actual notice of the pending action to satisfy the fundamental purpose of Rule 4. This factor, thus, weighs in favor of granting Plaintiff an extension of time to properly effectuate service.

### 4. Prejudice

The fourth and final factor, prejudice, also counsels towards granting Plaintiff's motion for an extension of time to serve the DOH Defendants.

Defendants contend that because the statute of limitations has run on a number of Plaintiff's claims, they would suffer an intolerable degree of prejudice if Plaintiff were granted more time to serve the Summons and Complaint. (Defs.' Cross-Mot. at 15.) Defendant's proposition that undue prejudice would necessarily result from having to defend against claims that could not be re-asserted if this action were dismissed is misguided. Indeed, the Second Circuit has explicitly *rejected* the notion that "a dispositive degree of prejudice to the defendant is 'assumed' when [the] statute of limitations would bar the re-filed action." *Zapata*, 502 F.3d at 198. Rather, the Court in *Zapata* recognized that both plaintiffs and defendants may suffer prejudice in such circumstances, and left it "to the district courts to decide on the facts of each how to weigh [that] prejudice . . . ." *Id.*

Where, as here, Defendants have undoubtedly received actual notice and have had the opportunity to address the merits of the action, prejudice is minimal. *See In re Teligent Servs., Inc.*, 324 B.R. 467 (Bankr. S.D.N.Y 2005), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) (recognizing that a finding that defendants had "[a]ctual notice of an action militates against a finding of prejudice"). Plaintiff, on the other hand, faces a great deal of prejudice if this action is dismissed

pursuant to Rule 4(m). Such a dismissal, even if technically without prejudice, would effectively bar Plaintiff from litigating his claims on the merits.

Accordingly, "[c]onsidering the balance of equities and the general preference for deciding cases on the merits", *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010), this Court exercises is discretionary authority under Rule 4(m) to grant Plaintiff an extension of time to serve the DOH Defendants.

## II. Defendant's Cross-Motion to Dismiss

Because Plaintiff is granted additional time to effectuate service, the DOH Defendants' cross-motion to dismiss pursuant to 12(b)(5) for insufficient service of process is denied. Plaintiff now has additional time to correct any alleged insufficiencies in service, rendering Defendants' motion premature. If Plaintiff fails to correct the deficiencies identified by Defendants within the newly allotted time, Defendants may again move to dismiss the Complaint pursuant to Rule 12(b)(5).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to serve the DOH Defendants is GRANTED. The DOH Defendants' cross-motion to dismiss the Complaint for insufficient service is DENIED. The DOH Defendants are directed to advise Plaintiff's counsel where service should be effected. Plaintiff shall properly effectuate service on or before March 23, 2018.

11

The Court respectfully directs the Clerk to terminate the motion at ECF No. 44.

Dated: February 21, 2018  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge