RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

The application is  X  granted.
___ denied.

Nelson S. Román, U.S.D.J.
Dated: Dec. 6, 2019
White Plains, New York 10601

December 3, 2019

*Via ECF*

The Honorable Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *M.C. v. County of Westchester*, No. 16 Civ. 3013 (S.D.N.Y.)

Dear Judge Román:

    This firm represents Plaintiff M.C. in this case. We write to request leave to file certain exhibits to Plaintiff's summary judgment opposition under seal. Defendants, through counsel, consent to this request. Plaintiff's joint opposition to Defendant's motions for summary judgment, which was served on November 12, 2019, is due to be filed with the Court on Friday, December 6, 2019.

    This lawsuit concerns Plaintiff's involuntary hospitalization, and as such, much of the discovery record contains extremely sensitive information about Plaintiff's medical condition and treatment. In an effort to limit this request to documents as to which "compelling reasons" support sealing, *see Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982), Plaintiff seeks leave to file under seal only those exhibits that contain Plaintiff's actual medical records, his direct communications with physicians, and photographs of his likeness. The exhibits Plaintiff seeks to file under seal are as follows:

- Exhibit 2, the public health investigation records maintained by the Westchester County Department of Health ("WCDOH") concerning Plaintiff, which contain extensive details about Plaintiff's diagnosis, treatment, and hospitalization;

- Exhibit 4, a chest X-ray referral provided by WCDOH, which contains Plaintiff's full name and purported details about his medical condition;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/2019

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

- Exhibit 7, Plaintiff's medical records from a visit to Montefiore New Rochelle Hospital in February 2015;

- Exhibit 15, which contains copies of progress notes written by Plaintiff's treating pulmonologist in March 2015;

- Exhibit 19, which contains excerpts of Plaintiff's medical records from the period of his detention at Westchester Medical Center ("WMC");

- Exhibit 20, photographs taken of Plaintiff in his hospital room by the by the Westchester County Department of Public Safety during his confinement at WMC;

- Exhibit 22, excerpts of Plaintiff's 2015 medical records from New York-Presbyterian Hospital Queens;

- Exhibit 26, an interview report completed by a WCDOH nurse in February 2015 documenting a telephone call with Plaintiff about his diagnosis and treatment;

- Exhibit 78, handwritten notes written by a WCDOH tuberculosis physician concerning Plaintiff's case;

- Exhibit 119, a letter written by Plaintiff's pulmonologist concerning his tuberculosis treatment in 2015;

- Exhibit 121, an April 2015 excerpt from Plaintiff's pulmonologist's medical chart;

- Exhibit 123, photographs of Plaintiff's arrest on April 23, 2015;

- Exhibit 124, a May 2015 fax from Plaintiff's pulmonologist enclosing his laboratory results;

- Exhibit 127, a June 2015 laboratory report containing certain of Plaintiff's laboratory results; and

- Exhibit 145, a May 2015 letter written by Plaintiff to a WMC psychiatrist concerning his treatment.

The exhibits Plaintiff seeks to file under seal amount to 15 of the 66 exhibits in support of Plaintiff's summary judgment opposition.

Plaintiff respectfully submits that these 15 documents satisfy the "stringent" requirements to overcome the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Medical records that are necessary to a court's consideration of a motion are frequently filed under seal. *See, e.g., United*

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

*States v. Arizaga*, No. 16 Cr. 89, 2016 WL 7974826, at *1 (Dec. 22, 2016) (application "filed under seal because it contains detailed medical information"); *Muhammad v. New York City*, No. 15 Civ. 5603, 2016 WL 4367970, at *1 n.2 (S.D.N.Y. Aug. 12, 2016) (authorizing submission of summary judgment materials under seal "to the extent necessary to protect Plaintiff's confidential medical information"); *United States v. Martoma*, No. S1 12 Cr. 973, 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (describing "medical, health-related, family, or personal financial matter" as categories "to which courts grant the greatest protection"); *United States v. Sattar*, 471 F. Supp. 2d 380, 387 n.4 (S.D.N.Y. 2006) (observing that "the privacy interest in medical records has been expressly recognized by the Judicial Conference of the United States").

Moreover, as the Court recognized previously in granting Plaintiff's motion to prosecute this case pseudonymously, the facts at issue directly relate to Plaintiff's involuntary hospitalization for tuberculosis, a highly stigmatized infectious illness. *See Sch. Bd. of Nassau Cty., Fla v. Arline*, 480 U.S. 273, 284 & n.12 (1987) (holding that the antidiscrimination provision of the Rehabilitation Act applies to tuberculosis infection and recognizing the high "level of public fear and misapprehension" associated with contagious diseases). Sealing is "necessary to preserve higher values," given the uniquely sensitive nature of these documents. *See Lugosch*, 435 F.3d at 124. This is especially so because there is no conceivable public interest in the disclosure of Plaintiff's medical records or photographs of him being arrested and hospitalized.

With respect to certain documents, the use of Plaintiff's initials in lieu of his name may be sufficient to protect his privacy; accordingly, that approach is being taken with respect to the great majority of summary judgment exhibits. However, the use of initials would be insufficient in the context of the materials Plaintiff seeks to file under seal. The volume of personal and biographical information concerning Plaintiff's medical history, family life, occupation, educational history, and other details contained in these particular documents makes it impossible to protect his identity with targeted redactions alone. Accordingly, sealing of these specific documents is "narrowly tailored" to protect the privacy of Plaintiff's sensitive medical information. *See Lugosch*, 435 F.3d at 124.

We thank the Court for its attention to this matter and are available to address any questions or concerns that may arise.

Respectfully submitted,

/s/

David A. Lebowitz

c.    All Counsel of Record (via ECF)